IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIA M. MATOESIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 15-164- |
| | ) |
| MADISON COUNTY STATE'S ATTORNEY'S OFFICE, and MADISON COUNTY GOVERNMENT, | ) ) ) |
| | ) **PLAINTIFF DEMANDS** |
| Defendants. | ) **TRIAL BY JURY** |
| | ) |

## COMPLAINT

### COUNT I
### (ADEA)

COMES NOW the Plaintiff, JULIA MATOESIAN, by and through her undersigned attorneys, and for Count I of her Complaint against Defendants, MADISON COUNTY STATE'S ATTORNEY'S OFFICE and MADISON COUNTY GOVERNMENT, states:

1. This action is brought pursuant to the Age Discrimination in Employment Act (AEA), 29 U.S.C. §621 et. seq. The ADEA was promulgated in order to protect older workers from the insidious effects of workplace discrimination based on age. "It is …. the purpose of [the ADEA] to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment…" 29 U.S.C. §621(b). The ADEA expressly forbids an employer from discriminating against individuals in the workplace on the basis of age: "It shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ."

    2.    Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction):

        a.    Plaintiff filed a timely charge of discrimination with the EEOC and the Illinois Human Rights Department asserting age and gender (sex) discrimination; and

        b.    Plaintiff has filed this suit within 90 days of receipt of the appropriate Notice of Right to Sue.

    3.    Declaratory, injunctive, and equitable relief (including past and future lost wages), together with compensatory and liquidated damages, and all other authorized damages designed to make plaintiff whole, are sought. Plaintiff also seeks attorneys' fees, and expenses and costs consistent with the ADEA.

    4.    Venue is proper in this judicial district as the unlawful employment practices alleged were committed, inter alia, within this judicial district.

    5.    Plaintiff's date of birth is February 2, 1937 and she was at the time defendants terminated her employment seventy-five years old; plaintiff was at all relevant times hereto protected from illegal discrimination as provided for in the ADEA.

    6.    Plaintiff was a long serving employee of the Madison County State's Attorney's Office; plaintiff had been employed by the Madison County State's Attorney's Office from October 1995 until defendants terminated her employment in December 2012.

    7.    Plaintiff is female; the Madison County State's Attorney did not initially tell plaintiff her employment was being terminated. Instead of informing plaintiff that

her employment was being terminated the Madison County State's Attorney first discussed the termination of plaintiff's employment with plaintiff's husband.

8. Defendants have a policy of progressive discipline to identify areas that might need improvement as regards any employee's work performance.

9. At no time in 2011 or 2012 and prior to terminating plaintiff's employment did defendants approach plaintiff and inform plaintiff that State's Attorney Tom Gibbons was in any manner unhappy with or concerned about plaintiff's work performance.

10. Employees of defendants who were significantly younger than plaintiff and whose work performance was assessed to need improvement were provided with progressive discipline and coached and given guidelines and suggestions for improvement.

11. At no time during his tenure as the Madison County State's Attorney did State's Attorney Tom Gibbons discuss with plaintiff any concern Mr. Gibbons allegedly had with plaintiff's work performance.

12. At no time during his tenure as the Madison County State's Attorney did State's Attorney Tom Gibbons advise plaintiff as to Mr. Gibbons' expectations for plaintiff's work performance.

13. Defendants' illegal discrimination occurred in Madison County, Illinois.

14. Defendants are employers, as that term is used in the ADEA.

15. Plaintiff's work performance at all relevant times met the reasonable expectations of her employers.

16. Plaintiff, after her employment was terminated, was replaced by an individual who was substantially younger and significantly less experienced than plaintiff.

17. At no time prior to notifying plaintiff that plaintiff's employment with defendants was terminated did State's Attorney Gibbons meet with plaintiff and discuss with plaintiff in any manner plaintiff's work performance.

18. State's Attorney Gibbons terminated plaintiff's employment on or about December 2, 2012.

19. Plaintiff's age, seventy-five, was a motivating factor in defendants' decision not to coach plaintiff, refusal to give plaintiff any guidelines for her work performance, and defendants' decision to terminate her employment with defendant.

20. Plaintiff's age was a motivating factor in defendants' decision to discharge plaintiff from her employment with defendants.

21. Plaintiff has incurred lost wages, income, benefits and employment opportunities as a direct and proximate result of defendants' illegal discrimination against plaintiff in violation of the ADEA.

22. Plaintiff has incurred emotional distress and humiliation as a direct and proximate result of defendants' illegal discrimination against plaintiff in violation of the ADEA.

23. Plaintiff has incurred liability for attorneys' fees, costs, and expenses in pursuing this matter, and pursuant to statute is entitled to recovery of said fees, costs, and expenses.

24. Defendants' conduct in violating the ADEA is such that liquidated damages consistent with and provided for in the ADEA should be assessed against defendants.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    Enjoin defendants from violating the ADEA;

    B.    Declare the acts of defendants to be illegal violation(s) of the ADEA;

    C.    Award plaintiff lost wages, benefits, and other compensation proximately caused by defendants' illegal conduct;

    D.    Award plaintiff compensatory damages in excess of $75,000.00;

    E.    Assess liquidated damages against the defendants consistent with the ADEA;

    F.    Award plaintiff her reasonable costs, expenses, expert fees and attorneys' fees; and

    G.    Award such other and additional relief as this Court deems proper and just.

## COUNT II
**(Sex Discrimination in Violation of Title VII)**

COMES NOW the Plaintiff, JULIA MATOESIAN, by and through her undersigned attorneys, and for Count II of her Complaint against Defendants, MADISON COUNTY STATE'S ATTORNEY'S OFFICE and MADISON COUNTY GOVERNMENT, states:

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, and alleges sex discrimination in violation of federal law prohibiting sex discrimination.

2. Jurisdiction is properly invoked in this Court pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction):

    a. Plaintiff filed a timely charge of discrimination with the EEOC and the Illinois Human Rights Department asserting age and gender (sex) discrimination; and

    b. Plaintiff has filed this suit within 90 days of receipt of the appropriate Notice of Right to Sue.

3. Declaratory, injunctive, and equitable relief (including past and future lost wages), together with compensatory and liquidated damages, and all other authorized damages designed to make plaintiff whole, are sought. Plaintiff also seeks attorneys' fees, and expenses and costs consistent with the ADEA.

4. Venue is proper in this judicial district as the unlawful employment practices alleged were committed, inter alia, within this judicial district.

5. Plaintiff is female and plaintiff's date of birth is February 2, 1937.

6. Plaintiff was a long serving employee of the Madison County State's Attorney's Office; plaintiff had been employed by the Madison County State's Attorney's Office from October 1995 until defendants terminated her employment in December 2012.

7. Plaintiff is female; the Madison County State's Attorney did not initially tell plaintiff her employment was being terminated. Instead of informing plaintiff that her employment was being terminated, the Madison County State's Attorney first discussed the termination of plaintiff's employment with plaintiff's husband.

8. Defendants have a policy of progressive discipline to identify areas that might need improvement as regards any employee's work performance.

9. At no time in 2011 or 2012 and prior to terminating plaintiff's employment did defendants approach plaintiff and inform plaintiff that State's Attorney Tom Gibbons was in any manner unhappy with or concerned about plaintiff's work performance.

10. Male employees of defendants and young female employees of defendants whose work performance was assessed to need improvement were provided with progressive discipline and coached and given guidelines and suggestions for improvement.

11. At no time during his tenure as the Madison County State's Attorney did State's Attorney Tom Gibbons discuss with plaintiff any concern Mr. Gibbons allegedly had with plaintiff's work performance.

12. At no time during his tenure as the Madison County State's Attorney did State's Attorney Tom Gibbons advise plaintiff as to Mr. Gibbons' expectations for plaintiff's work performance.

13. Defendants' illegal discrimination occurred in Madison County, Illinois.

14. Defendants are employers, as that term is used in Title VII of the Civil Rights Act.

15. Plaintiff's work performance at all relevant times met the reasonable expectations of her employers.

16. Plaintiff, after her employment was terminated, was replaced by an individual who was substantially younger and significantly less experienced than plaintiff.

17. At no time prior to notifying plaintiff that plaintiff's employment with defendants was terminated did State's Attorney Gibbons meet with plaintiff and discuss with plaintiff in any manner plaintiff's work performance.

18. State's Attorney Gibbons terminated plaintiff's employment on or about December 2, 2012.

19. Plaintiff's gender, and her age (seventy-five) were motivating factors in defendants' decision not to coach plaintiff, refusal to give plaintiff any guidelines for her work performance, and defendants' decision to terminate her employment with defendants.

20. Plaintiff's gender combined with her age were motivating factors in defendants' decision to discharge plaintiff from her employment with defendants.

21. State's Attorney Tom Gibbons' conduct in first discussing plaintiff's employment and the termination of that employment with plaintiff's husband instead of discussing it with plaintiff reveals anachronistic attitudes toward women in the work force and reveals an outdated concept of the value of women in the work place.

22. While defendants employed younger females, defendants did not employee or continue the employment of women who were older or perceived to be "older."

23. Plaintiff has incurred lost wages, income, benefits, and employment opportunities as a direct and proximate result of defendants' illegal discrimination against plaintiff in violation of the ADEA.

24. Plaintiff has incurred emotional distress and humiliation as a direct and proximate result of defendants' illegal discrimination against plaintiff in violation of Title VII.

25. Plaintiff has incurred liability for attorneys' fees, costs, and expenses in pursuing this matter, and pursuant to statute, is entitled to recovery of said fees, costs, and expenses.

26. Defendants' conduct in violating Title VII is such that punitive damages should be assessed against defendants.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enjoin defendants from violating Title VII;

B. Declare the acts of defendants to be illegal violation(s) of Title VII;

C. Award plaintiff lost wages and benefits, and other compensation, proximately caused by defendants' illegal conduct;

D. Award plaintiff compensatory damages in excess of $75,000.00;

E. Assess punitive damages against the defendants;

F. Award plaintiff her reasonable costs, expenses, expert fees and attorneys' fees; and

G. Award such other and additional relief as this Court deems proper and just.

JULIA M. MATOESIAN

By:  */s/ Lee W. Barron*
Lee W. Barron (IL 06195132)
William D. Buchanan (IL 6312437)
112 Front Street
Alton, IL  62002
Phone:  618-462-9160
Fax:  618-462-9167
lee@leebarronlaw.com
will@leebarronlaw.com

ATTORNEYS FOR PLAINTIFF