IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *JULIA M. MATOESIAN,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| *MADISON COUNTY STATE'S ATTORNEY'S OFFICE, and MADISON COUNTY GOVERNMENT,* | ) Cause No. 3:15-cv-164-DGW |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Plaintiff Julia M. Matoesian and Defendants Madison County State's Attorney's Office and Madison County Government, by and through their attorneys agree to the issuance of the following Stipulated Protective Order ("Protective Order") governing the production of proprietary and confidential documents and information, as set forth in detail below.

This Protective Order is entered with respect to confidential records pertaining to current and former employees of Madison County State's Attorney's Office whether produced in response to any formal written discovery requests, deposition questions, subpoena, or any informal request for production.

Good cause having been shown, it is ORDERED that the confidential or proprietary documents and/or information produced or provided by the Parties, or any third party, with respect to the item detailed above, and all references to such document or information during this litigation, shall be protected from disclosure, intentional or inadvertent, and shall be produced only in accordance with the following terms and conditions:

1. All documents and/or information produced and provided by Plaintiff or

Defendants, and or a subpoenaed third party, and which are designated by Plaintiff or Defendants as confidential and/or proprietary pursuant to this Protective Order, shall be individually marked and designated by Plaintiff or Defendants as "Confidential-Subject to Protective Order" on each and every page. All pages designated in accordance with this Paragraph shall be referred to herein as "Confidential Materials."

2.      The Parties and their attorneys shall not disclose, or permit to be disclosed, any Confidential Materials to any person other than to a Qualified Person. As used herein, a "Qualified Person" means: (a) this Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Protective Order, or as are otherwise required by this Court, in the event any Confidential Material is to be used or introduced either at trial or in any pre-trial filings or proceedings; (b) counsel of record for the Parties to this action, together with such other attorneys within their firm, their paralegals, and their clerical employees actually working on the case at any time; (c) outside experts consulted or retained by counsel for the Parties in connection with the preparation for trial and trial of this action; (d) the Parties, including officers or employees of Defendants whose access to Confidential Materials is deemed by counsel for Defendants to be necessary to the preparation or defense of this action; and (e) court reporters engaged during depositions in this case. Disclosure of Confidential Material to such Qualified Persons identified in this Paragraph shall be confined to those materials deemed necessary by counsel for that purpose. In addition, such Qualified Persons shall not be permitted to keep copies of the Confidential Material.

3.      It shall be the responsibility of counsel for Plaintiff and Defendants to ensure that any Qualified Person receiving Confidential Materials pursuant to this Protective Order, has knowledge of the terms of this Order and agrees to be bound by the terms and conditions of this Protective Order.

4. The Parties and their attorneys shall not use any Confidential Materials for any purpose or litigation other than to prepare for and try this litigation. The Parties and their attorneys shall take all steps reasonably necessary to ensure that no Qualified Person otherwise provided access to any Confidential Materials shall use, disclose or record such document or information for any purpose other than the preparation or conduct of this case.

5. Except as provided pursuant to the terms of this Protective Order, no Confidential Materials shall be filed with the Court. Any Confidential Materials submitted to the Court, either as evidence in any pleading, motion, notice, or any other filing, shall be sealed, marked "confidential-subject to protective order," and not made public by either Plaintiff or Defendants pending further Order of the Court.

6. Any persons breaching the provisions of this Protective Order are subject to the contempt powers of this Court.

7. Nothing contained in this Stipulated Protective Order shall prevent disclosure of information or documents designated as Confidential Materials beyond the terms of this Protective Order, if Plaintiff or Defendants, upon reasonable advance written notice from the other party, consents to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

8. The inadvertent or unintentional disclosure of confidential documents or information, regardless of whether the information was designated at the time of disclosure, shall not be deemed to waive, in whole or in part, any of claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

9. In the event Plaintiff or Defendants disagree at any stage of these proceedings with the designation by the other party of any documents or information as Confidential

Materials, counsel shall first try to resolve such dispute in good faith on an informal basis. Thereafter, if Plaintiff or Defendants continue to contest the designation of any document or information produced pursuant to this Protective Order as Confidential Materials written notice shall be given to the other party setting forth, with specificity, the document or information which Plaintiff or Defendants contend are not confidential and proprietary in nature and the intention to apply to the Court for removal of this designation pursuant to the Stipulated Protective Order as to the specific document or information contained in the notice. This Court shall then determine the continued confidentiality of the document or information. Any document or information as to which such motion is made shall remain designated as confidential under the provisions of this Protective Order until further order of the Court.

      10.    Prior to the trial of this case, counsel for Plaintiff and Defendants shall seek to reach agreement on the handling of confidential and proprietary information and/or document at trial so as to provide the maximum protection possible against public disclosure without in any way infringing on the rights of all parties to present all evidence they deem necessary at trial, and the parties shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

      11.    At the conclusion of this case, including all appeals, all confidential and proprietary information and/or documents produced by Plaintiff or Defendants, including all copies, extracts and summaries thereof, shall within thirty (30) days, be destroyed or returned to opposing counsel.

      12.    Insofar as the provisions of this or any other Protective Order entered in this action restricts the communication and use of the information or documents produced thereunder, this and any other order shall continue to be binding after the conclusion of this litigation except that Plaintiff or Defendants may seek the written permission of the other party

or further order of the Court with respect to dissolution or modification of this or any such Protective Order.

13. This Stipulated Protective Order shall not be construed as a waiver of any objections that may be made at trial to the admissibility of any evidentiary material.

14. Nothing in this Protective Order shall prevent a party from freely using or disclosing information or documents containing information identified as Confidential by the producing party, if that information: (a) is or becomes part of the public domain without fault on the part of the party that wishes to use the information; (b) is lawfully obtained by the party that wishes to use the information from any source (other than another party) which source was free of any obligation to keep it confidential; (c) is previously known to the party that wishes to use the information without an obligation to keep it confidential; (d) is independently developed by said party without reference to Confidential Information as produced by another party; or (e) is required to be disclosed pursuant to law, regulation, judicial or administrative order or request by a governmental or other entity authorized by law to make such a request; provided, however, that the party that wishes to use said information that was produced and designated as confidential by the producing party must first notify the producing party to enable it to seek relief from a requirement to disclose or produce the document or information.

**IT IS SO ORDERED**

**DATED: February 22, 2017**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**